Peter Goldstein [SBN 6992]
PETER GOLDSTEIN LAW CORP
peter@petergoldsteinlaw.com
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 474-6400
Facsimile: (888) 400-8799

Malcolm P. LaVergne [SBN 10121]
mlavergne@lavergnelaw.com
400 South 4th Street, Suite 500
Las Vegas, Nevada 89101
Telephone: (702)448-7981
Facsimile: (702)966-3117

*Attorney for Plaintiff*
*KEYHERRA GREEN*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEYHERRA GREEN, | Case No. 2:20-cv-00769-KJD-DJA |
| Plaintiff, | **STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY** |
| vs. | **(Seventh Request)** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada and the County of Clark and operating CLARK COUNTY DETENTION CENTER (CCDC); NAPHCARE, INC., a foreign corporation, doing business in State of Nevada and is the Medical Care Provider for the Clark County Detention Center; FRED MERRICK; LORA CODY; MENENLYN ELIZAN; RAY MONTENEGRO; GWENDOLYN MYERS; and DOES 4-10, inclusive, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED between the parties that: the discovery cut-off of **March 7, 2022**, be continued for a period of sixty (60) days up to and including, **May 6, 2022**, for the purpose of allowing the parties to complete written discovery, take depositions of the parties and Rule 30(b)(6) witnesses and disclose expert/rebuttal expert witnesses; and so that other deadlines be adjusted accordingly, as set forth herein.

1

## I. DISCOVERY COMPLETED TO DATE

The parties have exchanged their initial Rule 26 Disclosures and multiple Supplemental Disclosures. Plaintiff has responded to written discovery (Interrogatories, Requests for Admissions, Requests for Production of Documents) propounded by each of the Defendants. Each Defendant has responded to numerous written discovery requests from Plaintiff. Defendants filed a Motion for Protective Order on June 11, 2021, Plaintiff's response was filed on June 25, 2021, and Defendants filed a Reply on July 2, 2021. The Court granted the Protective Order on August 11, 2021 precluding Plaintiff from propounding additional written discovery on Defendants absent permission from the Court.

The deposition of Defendant Merrick has been taken. The LVMPD Defendants served numerous third-party subpoenas; many out of state.

Defendants filed a Motion for Production of Documents Pursuant to Subpoena directed to a third-party; Los Angeles County Probation. [ECF No. 65]. Defendant's motion was granted and Los Angeles County Probation responded that they were not the correct agency and had no records. They indicated that the records could be with two other agencies. Subpoenas directed toward those agencies are being prepared for service.

## II. DISCOVERY YET TO BE COMPLETED

The LVMPD Defendants are still attempting to obtain records relating to Plaintiff's pending California criminal cases and her probation records. The LVMPD Defendants obtained an order requiring Los Angeles County Probation to respond but they did not have the records sought. Additional out of state subpoenas will be necessary to obtain the relevant records.

The depositions of Defendant Cody and Plaintiff still need to be taken. Thereafter, additional depositions may be noticed.

## III. REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties have been diligent in their attempts to complete discovery; however, more time is needed. The discovery in this case has been more voluminous than initially anticipated by the parties. Defendants have raised claims of privilege and confidentiality-based objections. In addition, Defendants served a 10th Supplemental Disclosures on August 12, 2021 and provided

numerous training records regarding witness identifications among other subjects. Further, the parties have been occupied with extensive motion practice in this case. Among other things, Defendants filed a Motion for Judgment on the Pleadings on July 2, 2021, Plaintiff filed her response on July 9, 2021 and Defendants filed their Reply on July 16, 2021. No ruling has yet been issued. The motion practice has temporarily diverted the parties' resources from discovery.

In addition, as stated above, there are out of state records that are necessary and directly related to Plaintiff's claims and the LVMPD Defendants' defenses. The records have been diligently sought and involved motion practice to obtain them. However, the records were not obtained and the parties must try again.

**IV.    PROPOSED EXTENDED DEADLINES**

The parties respectfully request this Court enter an order as follows:

**(A)    Discovery Deadline.**

The current discovery cut-off date of March 7, 2022, should be extended for a period of sixty (60) days, up to and including **May 6, 2022**.

**(B)    Experts and Rebuttal Experts**.

The parties shall disclose expert reports on or before **March 7, 2022** – i.e., sixty (60) days before the May 6, 2022 close of discovery. The parties shall disclose expert rebuttal reports on or before **April 6, 2022** – i.e.**,** thirty (30) days before the **May 6, 2022** close of discovery.

**(C)    Dispositive Motions**.

All pretrial motions, including but not limited to, discovery motions, motions to dismiss, motions for summary judgment, and all other dispositive motions shall be filed and served on or before **June 6, 2022** – i.e., thirty (30) days after the close of discovery. (30 days after the date set for filing dispositive motions is June 5, 2022, a Sunday, therefore, the deadline would be the following business day).

**(D)    Motions in Limine/*Daubert* Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served thirty (30) days prior to the commencement of Trial. Oppositions shall be filed and served

3

and the motion submitted for decision fourteen (14) days thereafter. Reply briefs will be allowed only with leave of the Court.

**(E)     Pretrial Order.**

Pursuant to LR 26(1)(e)(5), the Joint Pretrial Order shall be filed with this Court on or before **July 6, 2022** (i.e., thirty (30) days after the date set for filing dispositive motions), unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or further order of this Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections shall be included in the final pretrial order.

The parties recognize that they are making this request fewer than twenty-one days before the current expert disclosure deadline, January 6, 2022, and rebuttal expert disclosure deadline, Februrary 7, 2022however the parties submit that good cause and excusable neglect exists for the delay.

LR 26-3 states in relevant part:

> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993).

The parties have been diligent in completing discovery. However, as stated in the parties' last request to extend discovery, there have been numerous issues related to discovery in this matter. Indeed, information and materials related to the claims and defenses have been voluminous and it was necessary to serve numerous out-of-state third party subpoenas and even obtain an Order from

4

1  Court directing a response to one subpoena.  Substantial discovery has been conducted in this case.
2  However, both parties have experienced delays in completing additional discovery, including
3  coordinating with experts, due to COVID infections in staff; and Trials, deadlines and hearings in
4  other cases.  Because of these issues, the parties did not timely request this extension.

5      This request for an extension is made in good faith and joined by all the parties in this case.
6  Trial is not yet set in this matter and dispositive motions have not yet been filed.  Accordingly, this
7  extension will not delay the case.  Moreover, since this request is a joint request, neither party will
8  be prejudiced.  The extension will allow the parties the necessary time to complete discovery.

9      DATED this 18th day of February, 2022.

| PETER GOLDSTEIN LAW CORP | KAEMPFER CROWELL |
|---|---|
| By:  /s/ Peter Goldstein<br>Peter Goldstein<br>Nevada Bar No. 6992<br>10161 Park Run Drive, Suite 150<br>Las Vegas, Nevada 89145<br>*-and-*<br>MALCOM P. LAVERGNE & ASSOC.<br>Malcom P. LaVergne<br>Nevada Bar No. 10121<br>400 South Fourth Street<br>Las Vegas, Nevada 89101<br>*Attorneys for Plaintiff* | By:  /s Lyssa S. Anderson<br>Lyssa S. Anderson<br>Nevada Bar No. 5781<br>Ryan W. Daniels<br>Nevada Bar No. 13094<br>1980 Festival Plaza Drive, Suite 650<br>Las Vegas, Nevada 89135<br>*Attorneys for Defendants*<br>*Las Vegas Metropolitan Police*<br>*Department, Fred Merrick and*<br>*Lora Cody* |

**IT IS SO ORDERED**

DATED this   22nd   day of   February   2022.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

5

**CERTIFICATE OF SERVICE**

I am employed in the County of Clark, State of Nevada. I am over the age of eighteen years and not a party to the within action; my business address is 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

I hereby certify that on this 18 day of February, 2022, a true and correct copy of the following document **STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY (Seventh Request)** was served by electronically filing with the Court's CM/ECF electronic filing system to the following parties:

> Lyssa S. Anderson, Esq.
> Ryan W. Daniels, Esq.
> Kristopher Kalkowski, Esq.
> Erika Parker, Esq.
> Joseph Dagher, Esq.
> KAEMPFER CROWELL
> 1980 Festival Plaza Drive, Suite 650
> Las Vegas, Nevada 89135
> Telephone:   (702) 792-7000
> Facsimile:   (702) 796-7181
> Email: landerson@kcnvlaw.com
>            rdaniels@kcnvlaw.com
>            EParker@kcnvlaw.com
>            JDagher@kcnvlaw.com
>            wapplegate@kcnvlaw.com
>            kkalkowski@kcnvlaw.com
>            BJacobs@kcnvlaw.com
> *Attorneys for Defendants*
> *Las Vegas Metropolitan Police Department,*
> *Fred Merrick and Lora Cody*

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

By: _____
    An Employee of Peter Goldstein Law Corp