UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEYHERRA GREEN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et. al*,<br><br>　　　　　　　Defendants. | Case No. 2:20-cv-00769-KJD-DJA<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Before the Court is Defendants' Motion for Judgment on the Pleadings (ECF #54). Plaintiff responded in opposition (ECF #56) and Defendants replied (ECF #57).

  I.  <u>Factual and Procedural Background</u>

Plaintiff Keyherra Green ("Green") filed this action against Defendants Las Vegas Metropolitan Police Department ("LVMPD"), the Clark County Detention Center ("CCDC"), Officer Fred Merrick ("Officer Merrick"), and Officer Lora Cody ("Officer Cody") after she was arrested for a murder she did not commit.[1] (ECF #39, at 3–6). After being detained for 72 days, Green now brings ten causes of action: six 42 U.S.C. § 1983 claims for violation of the Fourth Amendment particularity requirement, wrongful incarceration in violation of the Fourteenth Amendment, unreasonable search and seizure, substantive due process violations, and municipal liability for unconstitutional custom or policy; a federal claim for disability discrimination; a false arrest/imprisonment claim under Nevada state law; a negligence claim; and a malicious prosecution claim. Id. at 14–27. Plaintiff dismissed the fifth cause of action for denial of medical care. (ECF #49).

On January 22, 2018, the daughter of a man named Ghasem Aliaskari ("Aliaskari")

---

[1] The defendants named in the complaint who were dismissed pursuant to ECF #49 are not listed here.

requested that LVMPD perform a welfare check at Aliaskari's house. Id. at 6. On January 23, 2018, LVMPD officer Danial Stopka ("Officer Stopka")[2] arrived at Aliaskari's residence. Id. Officer Stopka spoke with Keara Jean Green ("Keara Green"), who claimed to rent a room from Aliaskari. Id. Officer Stopka's body camera recorded his interaction with Keara Green. Id.

On or about March 8, 2018, Officer Merrick and Officer Cody discovered Aliaskari's body at his house and began an investigation into his death. Id. at 7. The investigation showed evidence that Keara Green lived with Aliaskari. Id. Officer Cody spoke with a witness who had purchased Aliaskari's car after his death. Id. at 7. The witness told Officer Cody that he purchased the car from a man who was accompanied by a "black female." Id. He identified a photo of Keara Green as the black female involved with the sale of Aliaskari's car. Id. An interview with Aliaskari's renter, Diana Sorrils ("Sorrils"), revealed that she rented a room while "a black female that she knows as Keyharra was staying in a room with [Aliaskari]." Id. at 9. Sorrils indicated that she had not seen Aliaskari since January 22, 2018, but Keyharra had been staying in Aliaskari's room. Id. The officers then sought Keara Green, with whom they had spoken at the original welfare check. Id. at 8. The similarity in names led to Plaintiff Keyherra Green being arrested by Los Angeles Police Department officers on March 27, 2018. Id. at 9.

Plaintiff was detained in California from March 27, 2018 to May 27, 2018. (ECF #54, at 5). While in custody in California, Plaintiff waived her right to require the issuance and service of a warrant of extradition to Las Vegas. Id. She elected to return to Las Vegas without requisition papers or other legal forms of process after a magistrate judge informed her of her right to require the issuance and service of a warrant of extradition. Id. Plaintiff was brought before a Nevada Justice Court judge on May 27, 2018 and was sent to detention at CCDC. (ECF #39, at 10).

A public defender was assigned to represent Plaintiff on May 31, 2018. Id. at 11. Plaintiff told her attorney that she had not committed the murder. Id. The attorney subpoenaed information from LVMPD to prove that Plaintiff was not guilty. Id. The subpoenaed documents revealed Keara Green's employment records and her daughter's birth certificate; however,

---

[2] Officer Stopka is not a defendant in this action.

1  Plaintiff had no children and was not from Texas, where the identifying information indicated
2  Keara Green was from. Id. The subpoenaed information also revealed a photograph of Keara
3  Green, showing that Keara Green had short hair and a gap in her teeth that Plaintiff did not have.
4  Id. Based on the information, it was evident that Plaintiff was not the person present at the
5  original welfare check of Aliaskari's home that LVMPD officers sought. Id. Plaintiff's attorney
6  notified the Clark County District Attorney of the wrong arrest and later notified Defendants on
7  June 6, 2018 that Plaintiff was the wrong suspect. Id. Plaintiff was released from CCDC on June
8  7, 2018. Id. On August 7, 2018, Metro arrested Keara Green who subsequently confessed to
9  Aliaskari's murder. Id.

Plaintiff brought this action on April 28, 2020 and faxed a copy of the complaint to LVMPD on April 30, 2020. (ECF #54, at 5). Plaintiff then filed her First Amended Complaint on July 22, 2020 (ECF #15), and her Second Amended Complaint on January 8, 2021 (ECF #39). The complaint alleges that Defendants violated her rights by failing to verify the identity of the black female suspect from the body camera footage, filing a defective arrest affidavit, and detaining Green when they knew or should have known that she was not the Keara Green who lived with Aliaskari. Id. at 6–14.

II.     Legal Standard

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. FED. R. CIV. P. 12(c). Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

In reviewing a motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). "[J]udgment on the pleadings is proper when taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007) (citations omitted).

III. Analysis

Defendants argue that Green's § 1983 claims for unreasonable search and seizure, substantive due process claims, and Monell claim are untimely. Because this is a statute of limitations issue, the Court notes the important dates:

- March 27, 2018: Plaintiff is arrested
- April 2, 2018: Plaintiff signs a waiver of extradition
- May 27, 2018: Plaintiff is extradited to Las Vegas
- June 7, 2018: Plaintiff is released from custody
- August 7, 2018: Keara is arrested by LVMPD officers and confesses to the murder
- August 8, 2018: District Attorney dismisses the case against Plaintiff
- April 28, 2020: Plaintiff files her lawsuit
- April 30, 2020: Plaintiff faxes a copy of the complaint to LVMPD

A. Applicable Statute of Limitations

Section 1983 "does not contain its own statute of limitations." Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1198 (9th Cir. 2014). As such, federal courts "apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Id. (internal quotations and citations omitted). Nevada statute creates a two-year statute of limitations on personal injury actions. NEV. REV. STAT. 11.190(4)(2). Therefore, Plaintiff's § 1983 claims carry a two-year statute of limitations. "It is a question of federal law, however, as to when the statute of limitations begins to run on a claim." Reese v. Clark Cnty. Det. Center, No. 2:15-cv-01633-GMN-VCF, 2018 WL 4494088, at *4 (D. Nev. Sep. 18, 2018). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

Defendants argue that Green knew of the injury, which is the basis of both her illegal

search and seizure action as well as her substantive due process action, the moment she was improperly arrested on March 27, 2018. Defendants also argue that Green reasonably would have known that LVMPD's policies and customs resulted in her improper arrest at the time she was arrested. Defendants make the same argument regarding Green's state law claims for false arrest and negligence; that Green was aware of the wrongful conduct as soon as she was arrested, but did not bring the action within two years.[3] According to Defendants, these claims should be dismissed as untimely. Defendants admit that Green's malicious prosecution claim is timely.

Green's response argues that Defendants applied the wrong statute of limitations. According to Green, her causes of action are Devereaux claims, and the statute of limitations does not begin to run until the date of termination of the criminal proceedings. "A Devereaux claim is a claim that the government violated the plaintiff's due process rights by subjecting the plaintiff to criminal charges based on deliberately-fabricated evidence." Bradford v. Scherschlight, 803 F.3d 382, 386 (9th Cir. 2015). There are two methods of proving that a fabrication of evidence was deliberate. "The first method is to demonstrate that the defendant continued his investigation of the plaintiff even though he knew or should have known that the plaintiff was innocent." Id. "The second method is to demonstrate that the defendant used 'investigative techniques that were so coercive and abusive that [he] knew or should have known that those techniques would yield false information.'" Id. (quoting Devereaux, 263 F.3d at 1076).

### B. Devereaux Claims

The Court acknowledges the difference in accrual dates between Devereaux and non-Devereaux claims. The Ninth Circuit has found that "[s]etting the accrual date for [a] Devereaux claim as the date of acquittal is logical." Bradford, 803 F.3d at 388. For false arrest claims, "the statute of limitations begins to run 'as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of the involuntary detention.'" Ritter v. Marshowski, No. 3:12-cv-00194-LRH-WGC, 2015 WL 795077, at *4 (D. Nev. Feb. 25, 2015) (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)). "As for a false imprisonment claim brought under section 1983, the Supreme Court

---

[3] While the two-year statute of limitations is the same for these state claims, the limitations period arises from a different statute than the § 1983 claims. NEV. REV. STAT. 41.036(2).

held that the statute of limitations begins to run 'when the alleged false imprisonment ends.'" Id. (quoting Wallace, 549 U.S. at 389). False imprisonment "consists of 'detention without legal process' and as such 'ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges.'" Id. (quoting Wallace, 549 U.S. at 388). Green's complaint does not sufficiently allege a Devereaux claim. There are some allegations that LVMPD officers continued their investigation of Green when they knew or should have known that she was innocent, but the causes of action do not assert a Devereaux claim. As such, the two-year statute of limitations is applicable to Green's § 1983 claims.

The statute of limitations for Green's Fourth Amendment and false arrest claims (first and third causes of action) began to run when the arrest took place on March 27, 2018. The statute of limitations on Green's wrongful incarceration claim (second cause of action) began when she appeared in front of the magistrate and signed the waiver of extradition on April 2, 2018. Green did not file this action until April 28, 2020, more than two years after the claims accrued. Therefore, these causes of action are dismissed.

While Green's fourth cause of action is labeled as a 14th Amendment Due Process claim, the Court sees it as a Fourth Amendment claim. Green alleges that Defendants violated her substantive due process right "to be free from state actions that deprive her of life, liberty, or property." (ECF #15, at 17). The right against deprivation of liberty is more clearly enumerated in the Fourth Amendment. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" Albright, 510 U.S. at 273 (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). As such, Plaintiff's fourth cause of action is also a Fourth Amendment claim that carries a two-year statute of limitations that accrued on March 27, 2018 when Green was arrested. Because it was not filed until April 28, 2020, it is untimely and is dismissed.

Green's state law claims (eighth and ninth causes of action) are also untimely. Under Nevada law, "[e]ach person who has a claim against any political subdivision of the State arising out of a tort must file the claim within two years after the time the cause of action accrues with

the governing body of that political subdivision." Nev. Rev. Stat. § 41.036(2). Green was aware of the false arrest and negligence when she was arrested and waived her right to extradition on April 2, 2018. She did not file the claims until April 28, 2020, more than two years later. Therefore, the state law claims are dismissed.

Plaintiff's sixth cause of action is not time barred. It is a claim that LVMPD should be liable for its unconstitutional customs or policies. Green argues that LVMPD had policies and customs in place that amounted to deliberate indifference of her constitutional rights. Defendants have not made it clear that Green knew or should have known of LVMPD's customs and policies at the time of her arrest. Because the complaint is read in the light most favorable to Green, the Court finds that Defendants have not met their burden to show that this cause of action was untimely.

Therefore, Green's first, second, third, fourth, eighth, and ninth causes of action are untimely. Defendants have not shown that Green's sixth cause of action is time barred. Defendants' motion did not argue that Green's seventh cause of action for disability discrimination was time barred and admitted that Green's tenth cause of action for malicious prosecution was timely. As such, Green's sixth, seventh, and tenth causes of action may proceed.

### C. Equitable Tolling

In determining whether a statute of limitations should be tolled, courts consider multiple factors, including

> the diligence of the claimant; the claimant's knowledge of the relevant facts; the claimant's reliance on authoritative statements by the administrative agency that misled the claimant about the nature of the claimant's rights; any deception or false assurances on the part of the [defendant] against whom the claim is made; the prejudice to the [defendant] that would actually result from delay during the time that the limitations period is tolled; and any other equitable considerations appropriate in the particular case.

Seino v. Employers Ins. Co. of Nevada, 111 P.3d 1107, 1112 (Nev. 2005). The Nevada Supreme Court has stated that "plaintiffs seeking equitable tolling must 'demonstrate that, despite their exercise of diligence, extraordinary circumstances beyond their control prevented them from

timely filing their claims.'" Salloum v. Boyd Gaming Corp., 495 P.3d 513, 518 (Nev. 2021) (quoting Fausto v. Sanchez-Flores, 482 P.3d 677, 681 (Nev. 2021)). Green argues that equitable tolling should apply because she was incarcerated and could not file a lawsuit until she was released. However, not only do inmates have access to the courts while detained, but Green was released from detention on June 7, 2018, leaving her approximately 22 months to timely file her action. After considering the relevant factors, the Court finds that Green has not shown that extraordinary circumstances beyond her control prevented her from timely filing her claims. As such, equitable tolling is improper.

### D. Amendment

Defendants state that "[i]f Green intends to condense all of the false arrest claims into a Deveraux claim, then the Court should nonetheless order her to amend her complaint so it provides 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" (ECF #57, at 8 (quoting FED. R. CIV. P. 8(a)(2))). The Court agrees. Plaintiff's response to the motion indicates that Green intends to pursue a Devereaux claim for the conduct that led to her false arrest. Therefore, she must file an amended complaint that satisfies the requirements of Iqbal and Twombly within 21 days of this order or abandon her Devereaux claim.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Judgment on the Pleadings (ECF #54) is **GRANTED in part**.

IT IS FURTHER ORDERED that Plaintiff's first, second, third, fourth, eighth, and ninth causes of action are **DISMISSED as time barred.** Plaintiff has 21 days from the date of this order to amend and more definitely allege a Devereaux claim.

Dated this 23rd day of March, 2022.

_____
Kent J. Dawson
United States District Judge