LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:   (702) 792-7000
Fax:             (702) 796-7181
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com

*Attorneys for Defendants*
*Las Vegas Metropolitan Police Department,*
*Fred Merrick, and Lora Cody*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEYHERRA GREEN, | Case No.   2:20-cv-00769-KJD-DJA |
| Plaintiff, | |
| vs. | **STIPULATION TO EXTEND DISCOVERY DEADLINES** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; FRED MERRICK; LORA CODY; and DOES 1-10, inclusive, | **(Ninth Request)** **[ECF No. 76]** |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED between the parties that the current deadline for discovery be continued for a period of thirty (30) days up to and including August 4, 2022, for the purpose of allowing the parties to take the deposition of Defendant Lora Cody.

///

///

///

///

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3165567_1.docx  6943.212

Page 1 of 6

## I. DISCOVERY COMPLETED TO DATE

The parties have exchanged numerous Rule 26 Disclosures; the LVMPD Defendants have made twelve (12) disclosures to date and Plaintiff has made three (3) disclosures. Plaintiff has responded to written discovery (Interrogatories, Requests for Admissions, Requests for Production of Documents) propounded by each of the Defendants. Each Defendant has responded to numerous written discovery requests from Plaintiff. A Protective Order is in place precluding Plaintiff from serving additional written discovery on the LVMPD Defendants, absent a request to do so. [ECF No. 60]. The LVMPD Defendants served additional written discovery (Interrogatories and Requests for Admissions) on Plaintiff which responses were made.

The deposition of Defendant Merrick has been taken. The LVMPD Defendants served numerous third-party subpoenas and provided supplemental disclosures with the responses. The LVMPD Defendants are still attempting to obtain one response from an out-of-state third-party.

The parties timely disclosed expert and rebuttal expert reports. The deposition of Plaintiff was taken on June 23, 2022.

## II. DISCOVERY YET TO BE COMPLETED

Plaintiff's deposition was taken on June 23, 2022. The LVMPD Defendants will attempt to obtain the outstanding response to one Subpoena and provide a supplemental disclosure if successful. The deposition of Defendant Lora Cody will be taken on July 21, 2022.

## III. REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

Substantial discovery has been taken in this case as recited in the parties' prior requests to extend discovery. The parties have been diligent in completing discovery, however due to schedule conflicts of the parties and Counsel, all depositions were not able to be done prior to the current discovery deadline. As such, the parties request one more brief extension to take those depositions.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3165567_1.docx  6943.212

Page 2 of 6

The parties would like to mention that there is still currently a pending dispositive motion. [ECF No. 78]. The pending Motion to Dismiss the Third Amended Complaint was filed by the LVMPD Defendants on April 28, 2022. Plaintiff filed a Third Amended Complaint on April 13, 2022 following the Court's ruling on the LVMPD Defendants' Motion for Judgment on the Pleadings. [ECF Nos. 74 and 73]. Plaintiff was given leave to file a Third Amended Complaint to plead *Deveraux* claims. [see ECF No. 73].

**PROPOSED EXTENDED DEADLINES**

The parties respectfully request this Court enter an order as follows:

**(A)    Discovery Deadline.**

The current discovery cut-off date of July 5, 2022, should be extended for a period of thirty (30) days, up to and including **August 4, 2022**.

**(B)    Experts and Rebuttal Experts.**

The parties do not seek any extension of these deadlines as they have passed.

**(C)    Dispositive Motions.**

The parties are not currently seeking an extension of this deadline. All pretrial motions, including but not limited to, discovery motions, motions to dismiss, motions for summary judgment, and all other dispositive motions shall be filed and served sixty (60) days after the close of discovery, or by **October 6, 2022**[1].

**(D)    Motions in Limine/*Daubert* Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial. Oppositions shall be filed and served and the

---

[1] The parties are requesting the dispositive motion deadline be sixty (60) days after the close of discovery rather than thirty (30) to ensure that all deposition transcripts will be received prior to preparing the motions.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3165567_1.docx  6943.212

Page 3 of 6

motion submitted for decision 14 days thereafter.  Reply briefs will be allowed only with leave of the Court.

### (E)     Pretrial Order.

The parties are not currently seeking an extension of this deadline.  Pursuant to LR 26(1)(e)(5), the Joint Pretrial Order shall be filed with this Court no later than thirty (30) days after the date set for filing dispositive motions, or by **November 7, 2022**, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision on the dispositive motions or further order of this Court.  The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections shall be included in the final pretrial order.

### (F)     Extensions or Modification of the Discovery Plan and Scheduling Order.

In accordance with LR 26-4, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension.  All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline.  A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect.  Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a)     A statement specifying the discovery completed;

(b)     A specific description of the discovery that remains to be completed;

(c)     The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d)     A proposed scheduled for completing all discovery.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada  89135

3165567_1.docx  6943.212

Page 4 of 6

The parties recognize that they are making this request fewer than twenty-one days before the current discovery deadline of July 5, 2022. However, the parties submit that good cause and excusable neglect exists for the delay.

LR 26-3 states in relevant part:
> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993).

The deposition of Defendant Lora Cody was scheduled to take place on June 28, 2022; prior to the current deadline to complete discovery. However, Defendant Cody, who is a Homicide Detective with LVMPD, received a Subpoena to testify in a criminal proceeding in the Eighth Judicial District Court on June 28, 2022. Defendant Cody notified her Counsel that the criminal trial would be proceeding and she would not be able to appear for her deposition on June 21, 2022. Because of schedule conflicts, the first available date to take the deposition of Defendant Cody is July 21, 2022. As such, the parties did not know twenty-one (21) days ago that they would not be able to complete all discovery prior to the deadline.

/ / /

/ / /

/ / /

/ / /

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

3165567_1.docx  6943.212

Page 5 of 6

This request for an extension is made in good faith and joined by all the parties in this case. The Request is not timely but the parties submit that excusable neglect exists. Trial is not yet set in this matter and dispositive motions have not yet been filed. Accordingly, this extension will not delay this case. Moreover, since this request is a joint request, neither party will be prejudiced. The extension will allow the parties the necessary time to complete discovery.

DATED this 24th day of June, 2022.

KAEMPFER CROWELL

By: /s/ *Lyssa S. Anderson*
LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135
***Attorneys for Defendant Las Vegas Metropolitan Police Department, Fred Merrick, and Lora Cody***

PETER GOLDSTEIN LAW CORP

By: /s/ *Peter Goldstein*
Peter Goldstein
Nevada Bar No. 6992
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145
– *and* –
MALCOM P. LAVERGNE & ASSOC.
Malcom P. LaVergne
Nevada Bar No. 10121
400 S. Fourth St.
Las Vegas, NV 89101
***Attorneys for Plaintiff***

**IT IS SO ORDERED.**

DATED this 27th day of June, 2022.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE