LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com

***Attorneys for Defendants Las Vegas Metropolitan Police Department, Fred Merrick, and Lora Cody***

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEYHERRA GREEN ,

Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT; FRED MERRICK; LORA CODY; and DOES 1-10, inclusive,

Defendants.

Case No. 2:20-cv-00769-KJD-DJA

**STIPULATION TO EXTEND DISPOSITIVE MOTION DEADLINE (Fourth Request)**

Las Vegas Metropolitan Police Department, Fred Merrick and Lora Cody ("LVMPD Defendants"), and Plaintiff, Keyherra Green ("Plaintiff") by and through their respective counsel, hereby stipulate, agree, and request that this Court extend the dispositive motion deadline from the current date of August 7, 2023 up to and including August 14, 2023.

## I. DISCOVERY COMPLETED TO DATE

The parties have completed all discovery in this matter and discovery closed on August 4, 2022, [ECF No. 87].

## II. DISCOVERY YET TO BE COMPLETED

Discovery is complete. The parties are requesting an extension of the current dispositive motion deadline only.

## III. REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties previously filed several Stipulations extending the dispositive motion deadline as the Court had not yet ruled on a pending Motion to Dismiss. This Court granted the extensions on each occasion. [ECF Nos. 89, 92 and 98].

On March 7, 2023, the Court had a hearing on the pending Motion to Dismiss. [ECF No. 97]. The Court granted Plaintiff leave to file a Motion for Leave to Amend Complaint with a proposed Amended Complaint to be attached which Plaintiff filed on March 27, 2023. [ECF No. 99]. After discussions between Counsel, the parties submitted a Stipulation to Allow Plaintiff to File the Fourth Amended Complaint which this Court granted. [ECF No. 110]. In that Stipulation, the parties also extended the dispositive motion deadline to August 7, 2023.

The parties recognize that they are making this request fewer than twenty-one days before the current dispositive motion deadline of August 7, 2023. However, the parties submit that good cause and excusable neglect exists for the delay.

LR 26-3 states in relevant part:

> A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the

proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993).

Here, Counsel for the LVMPD Defendants has been busy with deadlines, hearings and depositions in other matters while preparing her child to move out of state to attend medical school. In addition, Counsel will be out of the state delivering her child to medical school and attending her induction "white-coat" ceremony on August 6, 2023. In the midst of this planning and preparation, Counsel inadvertently did not realize that the dispositive deadline was the day after she will return from her child's induction ceremony. As such, excusable neglect exists and another brief extension of the current deadline is warranted.

**PROPOSED EXTENDED DEADLINES**

The parties respectfully request this Court enter an order as follows:

**(A) Discovery Deadline.**

The parties are not seeking an extension of this deadline.

**(B) Experts and Rebuttal Experts.**

The parties are not seeking an extension of this deadline.

**(C) Dispositive Motions.**

All pretrial motions, including but not limited to, discovery motions, motions to dismiss, motions for summary judgment, and all other dispositive motions shall be filed and served on or before August 14, 2023.

**(D) Motions in Limine/*Daubert* Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial. Oppositions shall be filed and served and the motion submitted for decision 14 days thereafter. Reply briefs will be allowed only with leave of the Court.

**(E) Pretrial Order.**

The parties are not currently seeking an extension of this deadline. Pursuant to LR 26(1)(e)(5), the Joint Pretrial Order shall be filed with this Court no later than thirty (30) days after the date set for filing dispositive motions, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision on the dispositive motions or further order of this Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections shall be included in the final pretrial order.

**(F) Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-4, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed scheduled for completing all discovery.

The parties recognize that they are making this request fewer than twenty-one days before the current dispositive motion deadline of August 7, 2023, however the parties submit that good cause and excusable neglect exists for the delay.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

There is good cause for the requested extension as shown above. Moreover, the delay in requesting the current extension was an inadvertent error on the part of Counsel and excusable neglect exists. The extension will not delay the proceedings but will allow the parties the necessary time to litigate the case and prepare and file dispositive motions.

DATED this 25th day of July, 2023.

KAEMPFER CROWELL

By: /s/ *Lyssa S. Anderson*
LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

***Attorneys for Defendants Las Vegas Metropolitan Police Department, Fred Merrick, and Lora Cody***

PETER GOLDSTEIN LAW CORP

By: /s/ *Peter Goldstein*
Peter Goldstein
Nevada Bar No. 6992
10161 Park Run Dr., Ste. 150
Las Vegas, NV 89145
*– and –*
MALCOM P. LAVERGNE & ASSOC.
Malcom P. LaVergne
Nevada Bar No. 10121
400 S. Fourth St.
Las Vegas, NV 89101

***Attorneys for Plaintiff***

**IT IS SO ORDERED.**

DATED 07/27/2023

UNITED STATES DISTRICT COURT JUDGE