UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEYHERRA GREEN,<br><br>                    Plaintiff,<br><br>     v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>                    Defendants. | Case No. 2:20-cv-00769-KJD-DJA<br><br>**ORDER – Denying Motion for Reconsideration** |

Before the Court is Defendants' Motion for Reconsideration (#141). Plaintiff filed a response in opposition (#150) to which Defendants replied (#153). For the reasons stated below, Defendants' motion is denied.

I.      Factual and Procedural Background

As an initial note, given the repeated presentation of facts in this case, the Court will refrain from a comprehensive recitation and focus solely on the facts and procedural background relevant to the resolution of Defendants' Motion for Reconsideration. A comprehensive factual account can be found in the Court's prior Order (#136).

Prior to Defendants' current motion, all Parties individually moved for summary judgment. (#117/118/119). After analyzing all arguments presented, the Court denied Plaintiff Keyherra Green's motion (#117) and granted in part and denied in part the motions of Defendant Las Vegas Metropolitan Police Department (#118) and Defendants Fred Merrick and Lora Cody (#119). (#136). In doing so, the Court found that Plaintiff's claim of malicious prosecution was not suitable for resolution at summary judgment and should proceed to trial. See id. at 14-15. Namely, the Court found that there remains a genuine issue of fact as to whether probable cause existed to arrest Plaintiff, and therefore chose not to address the malice element of malicious prosecution. See id.

Defendants now move for reconsideration, arguing that the Court committed clear error by choosing not to address the malice element of malicious prosecution. (#141). In addition,

1  Defendants argue it was clear error for the Court to not have applied its qualified immunity
2  analysis of the deliberate fabrication claim to the malicious prosecution claim's probable cause
3  element. Id. at 8. Based on these reasons, Defendants ask the Court to reconsider its Order
4  denying summary judgment as to Plaintiff's malicious prosecution claim.

5  II.     Legal Standard

6      A motion for reconsideration of summary judgment is appropriately brought under either
7  Federal Rule of Civil Procedure 59(e) or 60(b). Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th
8  Cir. 1991). Rule 59(e) enables a party to request that a district court reconsider a just-issued
9  judgment. Banister v. Davis, 590 U.S. 504, 508 (2020). Under Rule 59(e), it is appropriate to
10 alter or amend a judgment if: (1) the district court is presented with newly discovered evidence,
11 (2) the district court committed clear error or made an initial decision that was manifestly unjust,
12 or (3) there is an intervening change in controlling law. United Nat. Ins. Co. v. Spectrum
13 Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009) (simplified). A Rule 59(e) motion must be
14 filed be no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e).

15 III.    Analysis

16     As an initial matter, the Court finds it necessary to address Plaintiff's argument that
17 Defendants' motion is untimely. (#150, at 2). Here, the arguments raised by Plaintiff are void of
18 any cognizable legal basis and raise serious questions regarding counsel's legal knowledge, skill,
19 thoroughness, and preparation. See id. First, Plaintiff argues that "a party seeking reconsideration
20 of a ruling of the court, other than any order that may be addressed by motion pursuant to NRCP
21 50(b), 52(b), 59 or 60, must file a motion for such relief within 14 days after service of written
22 notice of the order or judgment[.]" Id. However, in federal question cases, it is well settled that
23 federal courts apply federal procedural law, so the Court is perplexed and concerned that
24 Plaintiff raises Nevada procedural law in her analysis. In fact, because this principle is so
25 commonplace, the Court could only locate a few courts explicitly stating it. See, e.g., Cruz v.
26 Don Pancho Mkt., LLC, 171 F. Supp. 3d 657, 666 (W.D. Mich. 2016) ("In federal question
27 cases, federal courts obviously apply federal substantive law and federal procedural law."); Clark
28 v. Salt Lake Cnty., No. 2:19-CV-00800-RJS-JCB, 2020 WL 3791883, at *1 (D. Utah July 7,

2020). Because the FRCP indisputably governs, Plaintiff's first argument ultimately fails.

Second, Plaintiff asserts that there is no motion for reconsideration in the Federal Rules of Civil Procedure, and then subsequently states that if a motion is "filed within ten days of the district court's judgment, such a motion is construed as filed pursuant to Rule 59(e)." (#150, at 2). As previously stated, it is well established that a motion for reconsideration can be brought under Federal Rule of Civil Procedure 59(e). See Fuller, 950 F.2d at 1442; Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993) (holding that a district court may reconsider its grant of summary judgment under Federal Rule of Civil Procedure 59(e)). As such, the Court finds it puzzling how, on one hand, Plaintiff can disclaim the existence of a motion for reconsideration under the FRCP, and then on the other hand, raise Rule 59(e). Even more troubling to the Court is Plaintiff's assertion that motions under Rule 59(e) must be filed within ten days of the judgment, when, in fact, this was amended in 2009 to extend the period to 28 days. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Here, Defendants filed their motion for reconsideration 23 days after the Court granted in part and denied in part their motion for summary judgment. Therefore, the Court deems Defendants' motion timely under Rule 59(e) and now turns to their argument for reconsideration.

**A.  Malicious Prosecution**

In Nevada, "the elements of a malicious prosecution claim are: (1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceeding; and (4) damages." LaMantia v. Redisi, 38 P.3d 877, 879 (Nev. 2002) (quotations omitted); see generally Mills v. City of Covina, 921 F.3d 1161, 1169 (9th Cir. 2019) ("Federal courts rely on state common law for elements of malicious prosecution."). In ruling on the Parties' motions for summary judgment, the Court determined that a genuine factual dispute existed regarding whether there was probable cause to arrest Plaintiff. (#136, at 14-15). The Court found that the numerous differences between Plaintiff and the actual killer, while not sufficient to support a claim of deliberate fabrication, left open the possibility that a reasonable jury could find that probable cause may have dissipated. Id. at 15. As a result, the Court found

that summary judgment was inappropriate and opted not to address the malice element. Id.

Defendants now argue that it was "clear error and manifestly unjust" for the Court not to consider the malice element. (#141, at 4-5). In response, Plaintiff argues that Defendants waived their malice argument by not raising it in their motion for summary judgment and contends that there is evidence of malice based on discriminatory behavior. (#150, at 4). After carefully reviewing the Court's prior Order (#136) and the record, the Court's conclusion remains unchanged. However, in an effort to clarify the Court's prior analysis and holding, it will undertake a more detailed analysis of the malice element, starting with Defendants' Motion for Summary Judgment.

At the summary judgment stage, Defendants, as the moving party, bear the initial burden of showing the absence of a genuine issue of material fact regarding Plaintiff's claim of malicious prosecution. See Celotex, 477 U.S. at 323. A fact is material if it might affect the outcome of the suit under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Regarding the element of malice, the Court finds that the law and arguments raised by Defendants in their Motion for Summary Judgment completely missed this mark.

First, Defendants' motion included an unconvincing assertion of how malice should be defined. (See #119, at 15). Defendants argued that in order to prove malice, it must be shown that the defendant knew that the statement was false or acted in reckless disregard of its truth or falsity, citing Rowland v. Lepire, 662 P.2d 1332, 1335 (Nev. 1983), in support for this assertion.[1] Id. The problem with this is that Rowland defined malice in the context of an action for slander of title, not in the context of malicious prosecution. See 662 P.2d at 1335. In moving for summary judgment, Defendants inherently argued to the Court that there was no genuine dispute of material fact and that they should prevail as a matter of law. However, in the context of malicious prosecution, arguing an absence of material fact based on an incorrect definition of malice undermines this argument. See Anderson, 477 U.S. at 255 (holding that the substantive law of the case will identify which facts are material).

Defendants then offered a second way to prove malice, stating that malice exists if Detectives

---

[1] The same legal assertion also appears in Defendants' Motion for Reconsideration. (See #141, at 7).

Merrick or Cody initiated or procured the proceedings primarily for a purpose other than that of bringing an offender to justice. (#119, at 15). Following this, however, Defendants argue little more than generalized factual assertions relating to their investigation and why it demonstrates that they harbored no malice towards Plaintiff. See id. at 15-16. For example, Defendants argued that "the chronology of the investigation shows that as the Detectives were investigating leads, the trail quickly pointed them squarely towards Plaintiff" and "[b]ased upon preliminary identification of Plaintiff as a possible suspect and then the photographic identifications, the Detectives had a reasonable belief that Plaintiff was Keara." Id. at 15. At summary judgment, simply arguing a belief that two people are the same person is not sufficient to resolve the question of whether malice existed. Even more so when the question remains as to whether probable cause existed to arrest Plaintiff in the first place.

Moreover, Defendants' motion went so far as stating that "there is no evidence to support the necessary finding of malice on the part of the Detectives." (#119, at 15-16). As it is undisputed that the Detectives made mistakes during their investigation, which resulted in the imprisonment of an innocent woman, the Court finds this statement entirely too broad and completely unfounded. Based on the unique factual scenario presented, which was fully analyzed in the Court's prior Order, the questions of probable cause and malice are ones that must be presented to a jury. Simply put, Defendants failed to meet their initial burden of proving the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323.

Defendants' Motion for Reconsideration fares no better, even though it raises a plethora of new arguments and legal precedent. (See #141, 4-8). While the Court acknowledges the applicability of the legal precedents cited, the new arguments put forth are no more convincing than those raised in their summary judgment motion. Even though they are separate legal elements, the Court finds that in the context of this case, probable cause and malice are intertwined. While probable cause cannot be inferred from malice, "malice may be inferred from proof of want of probable cause." Bonamy v. Zenoff, 362 P.2d 445, 446 (Nev. 1961); Chapman v. City of Reno, 455 P.2d 618, 620 (Nev. 1969) ("Malice may be inferred from proof of want of probable cause."). In the Court's prior Order, it held that the question of whether probable cause

existed to arrest Plaintiff remained unanswered. (#136, at 15). If a jury finds a lack of probable cause to arrest Plaintiff, then the question remains: why arrest her at all?

However, Defendants seek to bolster their argument by asserting "that to infer malice from the evidence showing a lack of probable cause, the defendants' pre-filing behavior must have been clearly unreasonable." (#141, at 6) (citing Dutt v. Kremp, 844 P.2d 786, 790 (Nev. 1992), reh'g granted, opinion withdrawn, 848 P.2d 1073 (Nev. 1993), and on reh'g, 894 P.2d 354 (Nev. 1995). Following this assertion, Defendants argue "the Detectives pre-arrest behavior was not clearly unreasonable" and that "the Court even found that the Detectives 'reasonably believed' Green was the murderer." Id. The issue with this argument is that whether the Detectives' pre-filing behavior was unreasonable, and thus acted with malice, given the numerous mistakes, is a question for the jury to decide, not the judge. See Anderson, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]").

Moreover, the language cited by Defendants was part of the Court's analysis resolving a different cause of action governed by completely different substantive law. (See #136, at 5-11) (analyzing Plaintiff's claim of deliberate fabrication). The Court finds it entirely plausible that the Detectives could have reasonably believed the two individuals were the same person and still acted with malice in arresting Plaintiff. Yet, Defendants continuously raise the Court's holding that the Detectives had a reasonable belief as evidence that they did not act with malice. (See #141, at 8) ("To the contrary, the Court recognized they 'reasonably believed Keara and [Green] were the same person'"). This is an incorrect conclusion. A reasonable belief that two individuals are the same person and whether malice was harbored towards that mistaken individual are not mutually exclusive events.

Lastly, Defendants conclude with the assertion that "[i]t is clear after reviewing all the evidence in this case, the Detectives 'subjective intent or purpose' in arresting Green was to apprehend a murderer." (#141, at 8). Defendants may offer this statement as truth, but at summary judgment, the weighing of evidence is a job for the jury, not the judge.  See Manley v. Rowley, 847 F.3d 705, 711 (9th Cir. 2017) (holding that a court ruling on a motion for summary

judgment may not engage in weighing the evidence, as it is a function reserved for the jury). Here, if a jury finds that Defendants lacked probable cause to arrest Plaintiff, coupled with the undisputed mistakes made by the Detectives, the Court believes that a reasonable juror could also find that the Detectives acted with malice. Therefore, a genuine dispute of material fact exists, making summary judgment inappropriate. See generally Anderson, 477 U.S. at 248 ("[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). Accordingly, the Court did not commit clear error in denying Defendants' Motion for Summary Judgment.

### B. Qualified Immunity

Defendants Merrick and Cody go on to argue that they are entitled to qualified immunity on Plaintiff's malicious prosecution claim. (#141, at 8-11). The problem here, however, is that Defendants did not argue for qualified immunity on this claim in their Motion for Summary judgment; they only sought immunity as to Plaintiff's claim of deliberate fabrication. (See #119, at 25-27) (arguing that the detectives are entitled to qualified immunity on Plaintiff's claim of deliberate fabrication). In fact, evidence of this can be found in Defendants' current motion, as they now attempt to argue that it was "clear error" for the Court not to have applied its qualified immunity analysis of the deliberate fabrication claim to the probable cause element of the malicious prosecution claim. (#141, at 8). First, the Court is not obligated to raise arguments on behalf of a party. But more importantly, a motion for reconsideration is not a vehicle for a party to advance arguments that could and should have been presented to the Court prior to judgment. Quality Cleaning Prod. R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 208 (1st Cir. 2015). If Defendants thought they were entitled to qualified immunity on Plaintiff's malicious prosecution claim, they should have raised it in their Motion for Summary Judgment. And attempting to argue that the Court erred by not raising the issue on its own is entirely unpersuasive.

Regardless, Defendants' motion still fails because it merely attempts to reargue probable cause under the guise of qualified immunity—a question already established as needing

resolution by a jury. (See #136, at 15) (holding that a genuine issue of fact remains regarding whether probable cause to arrest Plaintiff existed). For instance, Defendants argue that an officer's probable cause determination is objectively reasonable if there was arguable probable cause at the time of the arrest—meaning that officers of reasonable competence could disagree on whether the probable cause test was met. (#141, at 9) (citing Guillen v. City of New York, 625 F. Supp. 3d 139, 155 (S.D.N.Y. 2022)). While the Court acknowledges the precedent cited by Defendants, it nonetheless disagrees with its application. In Guillen v. City of New York, the district court held that "the record is replete with undisputed facts, supported by admissible evidence, that indicate that there was probable cause to arrest and initiate the prosecution against Plaintiff. 625 F. Supp. 3d 139, 155 (S.D.N.Y. 2022). Here, the Court faces an entirely different situation as it has repeatedly stated there is a genuine factual dispute surrounding the mistakes made by Defendants Merrick and Cody, unlike the scenario faced by the court in Guillen. These mistakes cast doubt on the reasonableness of Defendants Merrick and Cody's actions; therefore, the Court has no problem concluding that qualified immunity is not appropriate. See Pearson v. Callahan, 555 U.S. 223, 244 (2009) ("The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law."). Accordingly, the Court did not commit clear error.

IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration (#141) is **DENIED**.

Dated this 15th day of July 2024.

_____
Kent J. Dawson
United States District Judge